William Haley, to use of the National Mold & Casting Company, v. C. L. Flaccus, Appellant.

*Patents—Patentable invention.*

In an action to recover royalties for the use of a patent where the defendant alleges that the device was not patentable, the plaintiff may show that the application was first refused, the plans for the device modified, application withdrawn and subsequently renewed and a patent granted.

*Patents—Patentable invention—Expert evidence.*

In an action where the patentable character of an invention is in question, a witness who testifies that he has a general knowledge of other devices of a similar nature may testify in favor of the patentable character of the invention.

Argued Oct. 25, 1899. Appeal, No. 73, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., Sept. T., 1896, No. 861, on verdict for plaintiff. Before STER-

RETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ.  Affirmed.

Assumpsit for royalties on a patent.  Before STOWE, P. J.

At the trial it appeared that in 1895, William Haley, the legal plaintiff, an inventor, was the owner of a mold for pressed glassware, which he had patented in 1880, and had also constructed what is commonly known as a power press, for the pressing of glassware, which was operated by steam.  C. L. Flaccus, the defendant, a glass manufacturer, entered into the articles of agreement upon which this suit is brought, dated October 8, 1895.  It is averred in the agreement that an application for a patent on the power press had been made, under date of          , 1895, but said application was not in fact filed until December 28, 1895.  The contract included in its grant all improvements which Haley might thereafter make upon said patent, or upon said power press.  Haley warranted in the contract that he was "the exclusive owner and first discoverer of the said patent, as well as the said power press, for which a patent has been applied for, that each of them was original in him and patentable."

This suit was brought to recover the monthly royalty on two presses for the month of May, and on the six presses for the months of June and July, 1896.  Defense was made on the ground that the said power press was not a new and original invention, and not patentable; that the application was an infringement on former patents; and that it was not operative.

David L. Shirely, a witness in behalf of the plaintiff in rebuttal, having been duly sworn and shown exhibit No. 22, was asked: "Q. I show you exhibit No. 22, state what that is."

Objected to.

Mr. Thomson, of counsel for plaintiff: We propose to show that this is the letters patent issued by the United States government for the machine that was actually constructed and put in operation in Mr. Flaccus's works; that an application for a patent for this machine was first applied for, and a patent was allowed, but, owing to the fact that it was not considered sufficiently broad to cover all the advantages of this machine, another application was filed, and that upon that application these letters patent were granted; that the machine that was actually

constructed and put in operation in the defendant's works is the same in principle and identically the same machine as that for which the first application was made and a patent allowed but not actually issued, and for which the second application was made and for which the patent actually issued.

Defendant's counsel objected to the offer for the reasons:

(1) The patent, exhibit No. 22, now proposed to be given in evidence, is based upon an application dated July 26, 1897, and therefore not the application recited in the contract; (2) the patent shown by exhibit No. 22 is issued not to William Haley, the plaintiff, with whom the contract sued upon was made by the defendant, but is issued to the National Mold and Casting Company, and therefore is wholly irrelevant and immaterial in this case; (3) generally as incompetent, irrelevant and not rebuttal.

The Court: Objection overruled and bill sealed for defendant.

Plaintiff introduced his testimony under this offer. [1]

Robert J. Beatty, a witness in rebuttal on the part of the plaintiff, being on the stand, testified as follows:

" Q. Are you familiar with the various kinds of presses for pressed glassware that are in use in the country? A. I suppose I have a general knowledge of them. I am not an expert at all. I don't consider myself an expert either mechanically or in a patent sense. I have a general knowledge of such things."

\*      \*      \*      \*      \*      \*      \*      \*

" Q. Were you familiar with the operation of glass presses, that is, by hand? Were you familiar with their operation in your presses and other presses? A. I have been for a great many years. Q. You had a general knowledge of other presses that were being used in the country in the glass-pressing business? A. Yes, sir. Q. I will ask you whether or not you have examined the model or rather the drawings and specifications of this particular machine? A. I have seen them and looked them over, yes, sir. Q. You may state whether there was anything new and useful in the improvement in your judgment."

Objected to that the witness has not shown any knowledge that would enable him to testify as to whether there was any novelty in the machine.

The Court: Objection overruled and bill sealed for defendant.

" A. I noticed that the construction of the press was different from any that I had ever seen before, and would of course be compelled to assume that there was something useful in it, in the large number of pieces being produced as compared with what was done on the ordinary machinery for the same used in other places. Q. Had you ever seen a glass press that used the double plunger? A. No, I have never seen one before." [2]

\* \* \* \* \* \* \* \*

" Q. Did you have occasion to examine this Hobbs patent as shown by the drawing, and also by the specifications? A. I have seen this recently, and seen it also on other occasions. I was familiar with the fact that there was such a patent. Q. You are familiar with the fact? A. Yes, sir. I have seen the thing before. Q. State whether or not the principle, as applied by Mr. Hobbs in this patent, in relation to this mold, is or is not the same principle that is applied in this machine of William Haley's? "

Objected to on the ground that the witness has not shown sufficient competency to answer the question.

The Court: Objection overruled and bill sealed for defendant.

" A. The Hobbs patent is on a mold. It is not on a press at all. The Haley patent is on a press. They are not the same thing at all. Q. In your judgment, then, would the Haley machine be new and patentable in the sense that it would not be an infringement upon the Hobbs patent? A. So far as I would know, I think undoubtedly so. That would be my judgment." [3]

The court charged in part as follows:

Now the first question that arises in this case directly is whether or not the defendant has accepted this machine so as to preclude him, until he gave notice three months previous to the termination of the lease, which is not pretended in this case, from showing that he was not satisfied or ought not to have been satisfied with the operation of this machine; first, when he expressed himself satisfied, and subsequently when he ordered the other five machines. The evidence does not show that that was made to Haley. There is nothing that would indicate that he was absolutely estopped even by the opinion that he had or the expression that he might have made use of

as to the satisfactoribility, if I may make a new word, of this
machine at the time he ordered the five new machines, but it is
strong evidence of the fact that he had become satisfied—not
conclusive, but such as would require him to prove by testi-
mony satisfactory to the jury that he had been misled in some
manner so as to account for that which appeared to be his actual
state of mind, his entire satisfaction with the machine at the
time he so expressed himself. It does not follow because he
was then satisfied that he might not afterwards change his mind.
We are very frequently satisfied with the state of affairs to-day,
and yet in a very few days or hours be thoroughly convinced
that the opinion we had was based upon wrong views, or some-
thing may have transpired that would compel us by that fact
itself to change the opinion we had arrived at, so that even
assuming that, at the time he accepted these machines, it was
the exact expression of his opinion upon that subject, if the
evidence satisfies the jury that by the operation of the machine
afterwards within a reasonable time he discovered that he had
been misled and that it would not work to his satisfaction, in
other words, would not do the work that it was expected and
guaranteed to do, he would still have the right to say to the
plaintiff : " Take away your machine ; it is not what you guar-
anteed it to be, and although I did accept it in one sense so as
to make myself liable for the payment to those who manufac-
tured it, I am not bound to pay this royalty because I am not
satisfied and I should not be satisfied, for it does not do the
work that you guaranteed." Having expressed his satisfaction
he has no right to turn around and say, " I have changed my
mind," and in that way terminate the lease ; but if the evidence
shows that he was misled ; that the machine kept breaking
down from time to time ; that it did not accomplish the pur-
pose that was guaranteed, he is not precluded, when he discov-
ered that fact, from saying, " I am not satisfied ; take your
machine away and I will pay you no rent for the use of it."
[Upon that question you have to determine by the testimony
what the state of facts was. If the evidence fairly satisfies you
that he had a right, in view of what occurred after he had
ordered these five machines and expressed satisfaction with
them, to change his mind because of the operation and effect of
this machine and the manner in which it did its work, then you

ought to hold that having expressed an opinion of satisfaction in that way he was bound for the rent for the current year, and he could only relieve himself from that by giving notice three months preceding the commencement of the next term.] [4]

Verdict and judgment for plaintiff for $1,119.46. Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence, quoting the bill of exceptions; (4) above instructions, quoting them.

*J. S. Ferguson,* with him *E. G. Ferguson* and *Thomas J. Ford,* for appellant.—The patent and application should not have been admitted: Bellas v. Hays, 5 S. & R. 427; Brill v. St. Louis Car Co., 62 U. S. App. Rep. 276; Sutter v. Robinson, 119 U. S. 530; Shepard v. Carrigan, 116 U. S. 593; Erie Rubber Co. v. American Dunlop Tire Co., 28 U. S. App. Rep. 470.

An expert, as the word imports, is one having had experience: Ardesco Oil Co. v. Gilson, 63 Pa. 146; State v. Phair, 48 Vt. 366; Nelson v. Sun Mut. Ins. Co., 91 N. Y. 453; Dickenson v. Inhabitants of Fitchburg, 13 Gray, 546; Travis v. Brown, 43 Pa. 9.

It has been stated that a presumption of utility arises from the grant of a patent: Mesker v. Thuener, 42 Fed. Rep. 329. But this presumption is not conclusive; the invention may be shown to be useless: Lee v. Blandy, 2 Fish. Pat. Cas. 89.

*W. H. S. Thomson,* with him *Frank Thomson,* for appellee.

PER CURIAM, November 6, 1899:

Plaintiff's right to recover depended on questions of fact which were clearly for the consideration of the jury, and they were accordingly submitted to them by the learned president of the court below in a clear, comprehensive and substantially accurate charge of which the defendant has no just reason to complain. Their verdict for plaintiff necessarily implies a finding of all the material facts in his favor, and unless the trial judge erred in his rulings on questions of evidence or in his charge, the judgment entered on the verdict should not be disturbed.

Our consideration of the questions presented by the specifi-

cations of error has not satisfied us that either of them should be sustained. On the contrary we think the defendant's objections to the offers of evidence referred to in the first three specifications were not well taken and hence they were rightly overruled. There is no error in the excerpt from the court's charge, recited in the fourth and last specification. Considered as a whole, the charge is free from substantial error.

Judgment affirmed.